# EXHIBIT "1"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

17-cv-20237-RNS/Otazo-Reyes

JOSEPH CELESTINE

    Plaintiff,

-vs-

CAPITAL ONE, CAPITAL ONE
AUTO FINANCE and CAPITAL ONE
BANK USA, NA;

    Defendants,

_____/



## COMPLAINT

COMES NOW, **JOSEPH CELESTINE** (herein "Plaintiff") and hereby sues **CAPITAL ONE, CAPITAL ONE AUTO FINANCE** and **CAPITAL ONE BANK USA, NA** (herein "Defendants"), Plaintiff states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages brought forth for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*.

### JURISDICTION

2. Jurisdiction is conferred on this court by 28 U.S.C. §1692K, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

4. This action arises out of the Defendant's repeated violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"] and damages for violations of the Florida Consumer Collection Practices Act (FCCPA) FLA STAT §559 (Part VI).

5. Personal jurisdiction exists over Defendants as they have the necessary minimum contacts with the State of FLORIDA and this suit arises out of their specific conduct with Plaintiff in FLORIDA. All the actions described in this suit occurred in FLORIDA.

6. Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds **$86,000.00** between these diverse parties.

## VENUE

7. Venue is proper as Plaintiff lives in this judicial district, the events took place in this judicial district, and the Defendants do business in this judicial district.

8. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p.

9. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b.

## PARTIES

10. Plaintiff, **JOSEPH CELESTINE**, is a natural person and is a resident of the State of Florida.

11. Defendant, **CAPITAL ONE BANK USA, NA**, is authorized to do business in Florida. The Defendant is a "furnisher" according to 15 U.S.C. § 1681s-2.

12. Defendant, **CAPITAL ONE**, is authorized to do business in Florida. The Defendant is a "furnisher" according to 15 U.S.C. § 1681s-2.

13. Defendant, **CAPITAL ONE AUTO FINANCE,** is authorized to do business in Florida. The Defendants are a "furnisher" according to 15 U.S.C. § 1681s-2.

14. All conditions precedent to the bringing of this action have been performed, waived or excused.

15. Defendant **CAPITAL ONE BANK USA, NA** is a control person under Florida Statues Florida statute 559.55(4). Defendants **CAPITAL ONE** and **CAPITAL ONE AUTO FINANCE,** are control persons and directed by **CAPITAL ONE BANK USA, NA**. Is tasked with the responsibility of operating their businesses **CAPITAL ONE** and **CAPITAL ONE AUTO FINANCE**. **CAPITAL ONE BANK USA, NA** persons own and control the businesses.

16. **CAPITAL ONE BANK USA, NA** persons supervise the business, are responsible for the supervision of their agent's, employees, managers, vendors, and servants.

17. Under the doctrine of respondent superior, **CAPITAL ONE BANK USA, NA** is responsible for acts of heir subsidiaries theory, managers and supervisors are not responsible for the actions of their agents and their s employees.

18. Effective October 1, 2014, 559.55(4) FS. "Control person" means an individual, partnership, corporation, trust, or other organization that possesses the power, directly or indirectly, to direct the management or policies of a company, whether through ownership of securities, by contract, or otherwise. The term includes, but is not limited to:

> a. A company's executive officers, including the president, chief executive officer, chief financial officer, chief operations officer, chief legal officer, chief compliance officer, director, and other individuals having similar status or functions.
> b. For a corporation, a shareholder who, directly or indirectly, owns 10 percent or more or that has the power to vote 10 percent or more, of a class of voting securities unless the applicant is a publicly traded company.
> c. For a partnership, all general partners and limited or special partners who have contributed 10 percent or more or that have the right to receive, upon dissolution, 10 percent or more of the partnership's capital.
> d. For a trust, each trustee.
> e. For a limited liability company, all elected managers and those members who have contributed 10 percent or more or that have the right to receive, upon dissolution, 10 percent or more of the partnership's capital.

# FACTUAL ALLEGATIONS

19.  CAPITAL ONE and CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA initiated unauthorized inquiries of Plaintiff's credit reports from EXPERIAN, EQUIFAX, AND TRANSUNION without permissible purpose on the following dates:

**CAPITAL ONE** unlawfully accessed Plaintiff's EXPERIAN credit report on:

1) February 7, 2013

2) March 7, 2013

3) April 6, 2013

4) May 14, 2013

5) May 18, 2013

6) May 29, 2013

7) June 1, 2013

8) June 7, 2013

9) July 19, 2013

10) August 8, 2013

11) August 15, 2013

12) August 21, 2013

13) August 30, 2013

14) September 11, 2013

15) October 23, 2013

16) October 26, 2013

17) November 7, 2013

18) November 13, 2013

19) November 20, 2013

20) December 7, 2013

21) January 1, 2014

22) January 23, 2014

23) January 30, 2014

24) February 8, 2014

25) February 14, 2014

26) February 22, 2014

27) March 8, 2014

28) April 8, 2014

29) April 12, 2014

30) April 19, 2014

31) May 3, 2014

32) June 10, 2014

33) June 12, 2014

34) June 21, 2014

35) July 5, 2014

36) August 8, 2014

37) August 15, 2014

38) August 20, 2014

39) August 27, 2014

40) September 09, 2014

41) September 17, 2014

42) September 23, 2014

43) September 26, 2014

44) January 8, 2016

45) January 15, 2016

46) January 23, 2016

47) January 29, 2016

48) February 5, 2016

49) February 6, 2016

50) February 16, 2016

51) February 23, 2016

52) February 27, 2016

53) March 4, 2016

54) March 10, 2016

55) March 17, 2016

56) March 25, 2016

57) March 31, 2016

58) April 8, 2016

59) April 11, 2016

60) April 15, 2016

61) April 22, 2016

62) April 29, 2016

63) May 3, 2016

**CAPITAL ONE BANK USA, NA** unlawfully accessed Plaintiff's TRANUNION credit report on:

64) March 1, 2014

65) April 1, 2014

66) May 1, 2014

67) June 1, 2014

68) July 1, 2014

69) August 1, 2014

70) January 1, 2016

71) February 1, 2016

72) March 1, 2016

**CAPITAL ONE BANK USA, NA** unlawfully accessed Plaintiff's EQUIFAX credit report on:

73) May 8, 2014

74) June 16, 2014

75) July 9, 2014

76) August 7, 2014

77) September 11, 2014

**CAPITAL ONE AUTO FINANCE** unlawfully accessed Plaintiff's EXPERIAN credit report on:

78) September 18, 2014

79) October 16, 2014

80) June 1, 2016

81) June 14, 2016

**CAPITAL ONE AUTO FINANCE** unlawfully accessed Plaintiff's TRANSUNION credit report on:

82) June 1, 2014

83) July 1, 2014

84) August 1, 2014

85) April 1, 2016

**CAPITAL ONE AUTO FINANCE** unlawfully accessed Plaintiff's EQUIFAX credit report on:

86) September 23, 2014

(See Plaintiff's credit reports; Exhibit 1, Exhibit 2, Exhibit 3)

20. In total, CAPITAL ONE and CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA collectively, unlawfully obtained access to Plaintiff's credit report, without permissible purposes, Eighty - Six (86) times.

21. Plaintiff believes through Discovery more unlawfully obtained access, without permissible purposes by CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA may be discovered, resulting in over Eighty - Six (86) times.

22. Plaintiff did not give CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA the authority to pull Plaintiff's credit report or access Plaintiff's private financial information. These unauthorized credit inquiries, without permissible purpose, reduced Plaintiff's credit score, resulting in Plaintiff being denied credit for a home loan of $350,000 or more (see Plaintiff's Affidavit; Exhibit 4).

23. Failure to comply with the FCRA can result in state government or federal government enforcement actions, as well as private lawsuits. See FCRA Sections 616, 617, and 621.

24. CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA knowingly and willfully obtains a consumer report under false pretenses, thereby engaging in criminal prosecution. FCRA Section 619.

25. The Defendants have superior knowledge of finance and legalese were/are aware of the consequences of violating the FCRA.

26. To that end, the statute imposes **criminal and civil penalties** on persons who violate specific provisions of the Act. See §§ 1681n-q. In particular, sections 1681n and 1681o establish civil liability for willful and negligent noncompliance with any requirement of section 1681. §§ 1681n-o. Section 1681q, in turn, <u>provides for criminal penalties</u> for obtaining consumer information under false pretenses. § 1681q.

27. Plaintiff believes that CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA has continued to access Plaintiff's personal information without his consent and under false pretenses. See **15 U.S.C. §§ 1681q and 1681r – Obtaining Information Under False Pretenses/ Unauthorized Disclosures by Officers or Employees.**

28. The statutory provisions concerning obtaining information under false pretenses and concerning unauthorized disclosure by officers or employees are set forth in Sections 1681q and 1681r, respectively, as follows:

> § 1681q. **Obtaining information under false pretenses**
>
> Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses **shall be fined** under Title 18, United States Code, **imprisoned for not more than 2 years, or both**.

29. Due to CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA lax security and inadequate security measures, CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA unlawfully accessed Plaintiff's sensitive Information, resulting in a breach of Plaintiff's information including his date of birth, address and social security number.

30. As such, CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA has insufficient security controls to monitor unauthorized use access to private financial information allowing:

31. CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA is negligent and is liable to Plaintiff for:

   a. Failing to diligently investigate the data breach of Plaintiff's financial information;
   b. Failing to hire Price Waterhouse Coopers, or another forensics consultant, to investigate a data breach of Plaintiff's financial informaton.
   c. Failing to timely notify and/or warn Plaintiff of the data breach;
   d. Failing to ensure the confidentiality and integrity of electronic protected information about the Plaitiff;
   e. Failing to implement technical policies and procedures for electronic information systems that maintain electronic protected information to allow access only to those persons or software programs that have been granted access rights;
   f. Failing to implement policies and procedures to prevent, detect, contain, and correct security violations in violation and redundant inquiries of consumer's credit files;
   g. Failing to identify and respond to suspected or known security incidents; mitigate, to the extent practicable, harmful effects of security incidents that are known;
   h. Impermissibly and improperly using and disclosing Plaintiff's private financial informaton and the information of others;
   i. Failing to design, implement, and enforce policies and procedures establishing physical and administrative safeguards to reasonably safeguard protected financial information and access to computer terminals which could likely be used to unlawfully access sensitive financial data;
   j. Otherwise failing to safeguard Plaintiff's financial information.

32. As a result of CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA conduct, Plaintiff's has suffered actual identity theft and is in fear of additional unlawful access to his private fiancial information.

33. Plaintiff has suffered and will continue to suffer actual damages including, but not limited to, expenses and/or time spent on credit monitoring and identity theft insurance; time spent scrutinizing bank statements, credit card statements, and credit reports; missed wages; expenses and/or time spent initiating fraud alerts; and, being denied credit for a home loan of $350,000 or more, along with a diminished credit rating with EXPERIAN, EQUIFAX and TRANSUNION.

34. Plaintiff has suffered and will continue to suffer other forms of injury and/or harm including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

## COUNT I

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681

## WILLFUL NON-COMPLIANCE

35. Paragraphs 1-34 are realleged as though fully set forth herein.

36. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

37. CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

38. CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA willfully violated the FCRA. Defendants violations include, but are not limited to, the following:

> (a) CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

**WHEREFORE**, Plaintiff, JOSEPH CELESTINE demands judgment for damages against CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT II

### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681

### NEGLIGENT NON-COMPLIANCE

39. Paragraphs 1-34 are realleged as though fully set forth herein.

40. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

41. CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

42. CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA negligently violated the FCRA. The Defendants violations include, but are not limited to, the following:

> (a) CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA negligently violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

**WHEREFORE**, Plaintiff, JOSEPH CELESTINE demands judgment for damages against CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA for actual damages, and attorney's fees and costs, pursuant to 15 U.S.C. §1681o.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

43. Paragraphs 1-34 are realleged as though fully set forth herein.

44. Florida law recognizes Plaintiff's right to be free from invasions of privacy and CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA violated Flroida state law as described in this Complaint.

45. Congress explicitly recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> **It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.** 15 U.S.C. § 6801(a) (emphasis added).

46. CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaitniff, namely, by repeatedly and unlawfully attempting to access Plaintff's private financial information and invaded Plaintifff's privacy.

47. CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintif by engaging in highly offensive conduct in the course of unlawfully accesing Plaintiff's private fianncial information, thereby invading and intruding upon Plantifff's right to privacy.

48. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, private concerns or affairs, and private financial information.

49. The conduct of CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA and its agents, in engaging in the above-described illegal conduct, resulted in multiple intrusions and invasions of privacy by CAPITAL ONE AND CAPITAL

ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA which occurred in a way that would be highly offensive to a reasonable person in that position.

50. As a result of such intrusions and invasions of privacy by CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA and its agents and/or employees, Plaintiff is entitled to actual damages in an amount to be determined at trial.

51. All acts of Plaintiff and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Plaintiff is subject to punitive damages.

**WHEREFORE**, Plaintiff, JOSEPH CELESTINE demands judgment for actual and compensatory damages against CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA for Invasion of Privacy by Intrusion Upon Seclusion, and attorney's fees and costs.

## COUNT IV

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

52. Paragraphs 1-34 of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

53. CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

54. CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA violated all of the duties of reasaonble care in handling sensitive financial data and their carelessness resulted in violations which were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

55. It was foreseeable, and CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA did in fact foresee it, the actions of the Defendants would lead and did lead to the exact type of harm suffered by Plaintiff.

56. CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA acted with negligence, malice, wantonness, recklessness, willful and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

57. CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA invaded the privacy of Plaintiff as set forth in Florida law.

58. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

59. As a result of this conduct, action, and inaction of CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA, Plaintiff has suffered damages as set forth in this Complaint and continues to suffer from unlawful access to his private financial information.

**WHEREFORE**, Plaintiff, JOSEPH CELESTINE having set forth his claims for relief against CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA respectfully pray of the Court as follows:

   a. That Plaintiff have and recover against CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA a sum to be determined by a jury of their peers in the form of actual damages;
   b. That Plaintiff have and recover against CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA a sum to be determined by a jury of their peers in the form of punitive damages;
   c. That Plaintiff have and recover against CAPITAL ONE AND CAPITAL ONE AUTO FINANCE. CAPITAL ONE BANK USA, NA a sum to be determined by a jury of their peers in the form of statutory damages;
   d. That Plaintiff have reasonable attorney's fees, costs, expenses;
   e. That Plaintiff have such other and further and proper relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, pursuant to Rule 38(b), Federal Rules of Civil Procedure, hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: January 18, 2017

Respectfully submitted

Joseph Celestine
1801 SW 23 Terrace
Miami, FL, 33145
(305)417-2329