# EXHIBIT "2"

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

JOSEPH CELESTINE,                      Case No.
     Plaintiff

vs.

UNIQUE AUTOMOTIVE LLC, RICARDO
MARTINEZ, and JOSE PORVEN,
     Defendants.              /

## COMPLAINT FOR DAMAGES FOR UNLAWFUL DEBT COLLECTION

COMES NOW, the Plaintiff, JOSEPH CELESTINE, through legal counsel, and sues UNIQUE AUTOMOTIVE LLC, RICARDO MARTINEZ and JOSE PORVEN stating as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction under 28 U.S.C. §1331 and 1337 federal question, this is an action for actual and statutory damages of the Federal Truth in Lending Act, 15 U.S.C. §1640, Federal Truth in Lending Act, 15 U.S.C. §1601, Florida Consumer Collection Practices Act (FCCPA) FLA STAT §559 (Part VI), Florida Deceptive and Unfair Practices Act (FDUTPA) FLA. STAT. §501.20491 in violation of state and federal law, and the court has supplemental jurisdiction over state law claims under 28 U.S.C. §1367.

2.    These laws prevent, respectively, unfair commerce and protect consumers from transactions where there is a lack of full disclosure as mandated by Congress.  15 U.S. Code § 1601 Congressional findings and declaration of purpose Pub. L. 113-103.

"(a) Informed use of credit

The Congress finds that economic stabilization would be enhanced and the competition among the various financial institutions and other firms engaged in the extension of consumer credit would be strengthened by the informed use of credit. The informed use

of credit results from an awareness of the cost thereof by consumers. It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices.

(b) Terms of personal property leases

The Congress also finds that there has been a recent trend toward leasing automobiles and other durable goods for consumer use as an alternative to installment credit sales and that these leases have been offered without adequate cost disclosures. It is the purpose of this subchapter to assure a meaningful disclosure of the terms of leases of personal property for personal, family, or household purposes so as to enable the lessee to compare more readily the various lease terms available to him, limit balloon payments in consumer leasing, enable comparison of lease terms with credit terms where appropriate, and to assure meaningful and accurate disclosures of lease terms in advertisements."

**3.**       **This is an action for damages which exceed $25,000.00.**

## PARTIES

4.       Plaintiff, JOSEPH CELESTINE ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

5.       Defendant, UNIQUE AUTOMOTIVE LLC, is a Florida Limited Liability Corporation that regularly engages in selling of vehicles and offering financing to consumers in Florida.

6.       UNIQUE AUTOMOTIVE LLC has asked that service of process be sent to their registered agent, YUNIOR MARTINEZ, 340 West 60th Street, Hialeah, Florida 33012.

7.     Defendant, RICARDO MARTINEZ ("MARTINEZ"), is a manager for UNIQUE AUTOMOTIVE LLC.

8.     Defendant, JOSE PORVEN ("PORVEN"), is President of UNIQUE AUTOMOTIVE LLC.

## FACTUAL ALLEGATIONS

9.     At all times material hereto, UNIQUE AUTOMOTIVE LLC is a "transferee" as said term is defined under 49 C.F.R. §580.3.

10.    At all times material hereto, the Dealership was a "dealer" as said term is defined under 49 U.S.C. §32702(2) and a "transferor" as said term is defined under 49 C.F.R. §590.3.

11.    On or about December 5, 2013, the Plaintiff saw an advertisement for a white 2006 Ford F-150.  No mention was made that the 2006 Ford F-150 had a rebuilt title.

12.    The Defendants did advertise the vehicle for $5,995.00 (see "Exhibit A" advertisement).

13.    On or about December 9, 2013, the Plaintiff went to UNIQUE AUTOMOTIVE LLC (herein "Dealership") to view the used automobile with the intent of purchasing the Vehicle for the advertised price.

14.    At the aforementioned time, the Plaintiff met with *inter alia* a manager/employee of the Dealership believed to be RICARDO MARTINEZ ("MARTINEZ"), who the Plaintiff considered knowledgeable and truthful.

15.    The Plaintiff was accompanied by STAN PADRON.

16.    The Plaintiff gave Defendant MARTINEZ $2,000.00 cash on December 10, 2013, and then gave MARTINEZ another $400.00 on the December 11, 2013, which is the date Plaintiff actually signed the bill of sale, and all other documents.

17.     Plaintiff gave MARTINEZ another $400.00 because MARTINEZ asked for it, saying he needed it for the dealer fees, registration, tag etc.  Plaintiff reasonably believed that the $2,000.00 would cover the dealer fees, but it didn't.

18.     Plaintiff also asked MARTINEZ to use one of Plaintiff's tags, instead MARTINEZ issued Plaintiff a new tag, which was why MARTINEZ asked for an additional $400.00.

19.     Plaintiff intended to use the vehicle for personal and household use.

20.     Plaintiff ultimately purchased a white 2006 Ford F-150 at the interest rate of 28.99% (hereinafter "Vehicle").

21.     In violation of state and federal law, the Defendant MARTINEZ did conceal the actual terms of the financing to the Plaintiff.

22.     Defendant MARTINEZ claimed that the Vehicle had been recently tuned-up and, after the purchase of the Vehicle, the Plaintiff found that the fuel filter was the original filter that had not ever been replaced.

23.     The Plaintiff intended to purchase a Vehicle in good working condition.

24.     On or about December 10, 2013, Plaintiff did give Defendant $2,000.00 and was told to come back the next day to sign the contract.  Defendant did take $2,000.00 from Plaintiff and failed to provide any disclosures or a copy of the contract.

25.     Defendant MARTINEZ never told Plaintiff that the Vehicle was rebuilt until the day after the Plaintiff gave the Defendants $2,000.00 without the required disclosures.

26.     A couple of days after the purchase of the Vehicle, the Plaintiff found the transmission functioning inappropriately.

27.     The day after Defendants were paid, the Plaintiff on December 11, 2013, received a copy of the contract to sign and noticed that the price of the Vehicle had increased by $1,000.00 to

$6,995.00 after all down payments were made previous. The Plaintiff did not receive a notice of right to cancel.

28.     In Florida a "rebuilt" title means that the cost of repairing the Vehicle for safe operation exceeded its fair market value or an insurance company had declared the Vehicle a total loss.

29.     At the time of the sale to the Plaintiff, UNIQUE AUTOMOTIVE LLC, JOSE PORVEN and RICARDO MARTINEZ were fully aware the car had a rebuilt title as a result of a major wreck or previous damage and failed to disclose same to the Plaintiff.

30.     MARTINEZ as UNIQUE AUTOMOTIVE LLC's agent and representative did not tell the Plaintiff that the Vehicle had been in any accident, nor did MARTINEZ tell the Plaintiff that the Vehicle had a rebuilt title, which information was material to the sale.

31.     Absolutely no disclosure was made to the Plaintiff regarding the rebuilt title to the Plaintiff so that the Plaintiff could make an informed purchase.

32.     The Plaintiff relied on the dealer's misleading statements and omissions of material facts, to Plaintiff's detriment.

33.     When the Plaintiff purchased the Vehicle, MARTINEZ as UNIQUE AUTOMOTIVE LLC's agent failed to present to the Plaintiff the title certificate for the Plaintiff's examination in connection with the sale.

34.     MARTINEZ as UNIQUE AUTOMOTIVE LLC's agent likewise failed to obtain Plaintiff's signature on the title certificate, as required by the federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. § 32705, and the regulations thereunder, 49 C.F.R. § 580.5, with intent to defraud the Plaintiff as to the mileage of the Vehicle.

35.     Instead, MARTINEZ as UNIQUE AUTOMOTIVE LLC's agent, took $2,000.00 from the Plaintiff, without any disclosure, without a contract and told Plaintiff to return the next day to complete the "paperwork".

36.     The next day, the Plaintiff was presented with a bill of sale and a contract.  There were no disclosures given to the Plaintiff at all.  The Plaintiff was simply told "sign here" and the contract given said rebuilt.

37.     In this way, MARTINEZ as UNIQUE AUTOMOTIVE LLC's agent, was able to hide from Plaintiff the history of the Vehicle, including the fact it was a rebuilt Vehicle.

38.     When the Plaintiff asked the Defendant MARTINEZ what "rebuilt" meant, MARTINEZ stated that simply meant that the Vehicle had been repaired.  Through information and belief, the Plaintiff avers that there is a big difference between a Vehicle with repairs and one that has been rebuilt.

39.     The Plaintiff would never have purchased the Vehicle if Plaintiff had known it had been involved in a crash and was a salvage Vehicle.

40.     The Plaintiff did not discover that the Vehicle was a rebuilt Vehicle until the Plaintiff inquired into the word "rebuilt" on the contract.  At this point, the Defendant had already received $2,000.00 from the Plaintiff the day before.

41.     By information and belief, the Dealership engaged in a practice known more commonly in the automobile sales industry as "steering", which consists of purposefully directing and unsuspecting customer into purchasing an undesirable Vehicle.

42.     By information and belief, the Dealership engaged in a practice known more commonly in the automobile sales industry as "bait and switch", which consists of purposefully directing an

unsuspecting customer into believing one thing about financing and then switching to another financing scheme which increases the consumer's financing costs.

43.     Plaintiff was told that there was no charge for making online payments.  The Defendant was however charged $5.95 by the Defendants for online payments.  This adds to a considerable additional cost to the life of the loan and is not what was represented to the Plaintiff.

44.     In violation of state and federal law, the Defendant did conceal the actual financing expense and misrepresented the sales price of the Vehicle and the amount due every month. Said terms allowed the Defendant to unjustly enrich himself.

45.     The difference between the actual sales price and the amount advertised is/was over $1,000.00.

46.     On June 4, 2014, at 7:37, Plaintiff asked Defendant Dealership and MARTINEZ via telephone to cease all collection calls and activity.

47.     The Defendant dealership was told to cease and desist all communications with Plaintiff of the alleged debt, along with Plaintiff rescinding all previous permissions for communication with Plaintiff.

48.     Plaintiff communicated to Defendant Dealership he would be disputing the alleged debt and to please end all communications.

49.     The Defendant Dealership initially called the Plaintiff at 10:00 am on June 5, 2014, from phone number (305)675-1413. Other calls were made as follows:

        a.  Call was received at 10:14 am on May 6, 2014 from a telephone number (305)675-1413 belonging to Defendant MARTINEZ;

        b.  Text was received at 10:43 am on May 6, 2014, from telephone number (786)344-3458 belonging to Defendant Dealership;

c.  Text was received at 10:00 am on May 6, 2014, from telephone number (786)344-3458 belonging to Defendant Dealership;

d.  Email was received at 1:05 pm on May 6, 2014 from Defendant MARTINEZ's email at sales@cardealsmiami.com;

e.  Text was received at 10:48 am on May 7, 2014, from telephone number (786)344-3458 belonging to Defendant Dealership;

f.  Telephone call was received at 3:24pm, May 9, 2014 from a telephone number (305)675-1413 belonging to Rick Martinez;

g.  Text was received at 10:39 am on May 9, 2014, from telephone number (786)344-3458 belonging to Defendant Dealership;

h.  Text was received at 2:01 pm on May 10, 2014, from telephone number (786)344-3458 belonging to Defendant Dealership;

i.  Text was received at 10:07 am on May 11, 2014, from telephone number (786)344-3458 belonging to Defendant Dealership;

j.  Email was received at 3:41pm on May 11, 2014, from Defendant MARTINEZ's email at sales@cardealsmiami.com with an attached letter from Defendant JOSE PORVEN threatening to have Plaintiff's driver's license suspended, and Plaintiff's registration revoked (Exhibit "B");

k.  Text was received at 10:43 am on May 12, 2014, from telephone number (786)344-3458 belonging to Defendant Dealership;

l.  Text was received at 11:53 am on May 13, 2014, from telephone number (786)344-3458 belonging to Defendant Dealership;

m. Text was received at 9:35 am on May 13, 2014, from telephone number (716)259-2519 belonging to Defendant Dealership;

n. Text was received at 12:15 am on May 14, 2014, from telephone number (786)344-3458 belonging to Defendant Dealership;

o. Text was received at 10:49 am on May 16, 2014, from telephone number (786)344-3458 belonging to Defendant Dealership;

p. Text received from Defendant Dealership, to Plaintiff on July 11, 2014 from telephone number (786)344-3458 requesting payment;

q. Text received from Defendant Dealership to Plaintiff on July 25, 2014, at 9:35 am;

r. Telephone call received on August 8, 2014, at 9:35 am from Defendant Dealership to Plaintiff;

s. Telephone call received from Defendant Dealership to Plaintiff on August 22, 2014, at 9:35 am;

t. Telephone call received from Defendant Dealership to Plaintiff on September 5, 2014, at 9:35 am;

u. Telephone call received from Defendant Dealership to Plaintiff on September 19, 2014, at 9:35 am;

v. Telephone call received from Defendant Dealership to Plaintiff on October 3, 2014, at 9:35 am;

w. Telephone call received from Defendant Dealership to Plaintiff on October 17, 2014, at 9:35 am;

x. Telephone call received from Defendant Dealership to Plaintiff on October 31, 2014, at 9:35 am; and,

y.  Telephone call received from Defendant Dealership to Plaintiff on November 14, 2014, at 9:35.

50.  The letter attached to Defendants email described as sales@cardealsmiami.com from Defendant Dealership and Defendant JOSE PORVEN (herein "PORVEN") claims that "[p]ursuant to Florida Statutes 320.02(17), a stop will be placed against all of the Plaintiff's registrations and license plates, and a lien will be filed against Plaintiff's license, which will lead to suspension of the Plaintiff's driving privileges in the State of Florida."

51.  However, Florida Statues 320.02(17) only applies to actions taken from failure to satisfy Florida Statute 320.02(16) indicated as failure to pay a Dealers registration fees as follows: "[t]he motor vehicle dealer must maintain signed evidence that the owner or co-owner acknowledged the dealer's authority to submit the list to the department if he or she failed to pay and must note the amount for which the owner or co-owner would be responsible for the vehicle registration. This does not apply to Plaintiff because Plaintiff paid for the Vehicle's registration and tags via the $400.00 in line 12.

52.  Additionally, Florida Statues 320.02(16)(a) states that: "[t]he motor vehicle owner or co-owner may dispute the claim that money is owed to a dealer for registration fees.." This clearly defines Florida Statues 320.02(17) in which the Defendant PORVEN uses as a means to coerce and intimidate Plaintiff into satisfying alleged debt.

53.  These representations were made by MARTINEZ and PORVEN as representatives for the Defendant Dealership.

54.  Through information and belief, Plaintiff avers that as a result of the forgoing, the Defendant Dealership and MARTINEZ and PORVEN violated the requirements of the Truth In Lending Act (TILA), Florida Deceptive and Unfair Trade and Florida Consumer Collection

Case 1:14-cv-24483-FAM   Document 114   Entered on FLSD Docket 12/29/2014   Page 11 of 20

Practices Act (FDUTPA) while the Defendants breached their oral and written contract with the Plaintiff.

55.     The Dealership, MARTINEZ and PORVEN omitted material facts by failing to disclose accurate finance charges and loan amounts regarding the financing of the Vehicle.

56.     The Dealership knew that the representations above were false, or made such representations recklessly, when the Dealership, MARTINEZ and PORVEN had no reasonable grounds for believing those representations were true.

57.     The Dealership, MARTINEZ and PORVEN knew that the omission concerning the Vehicle was material and important.

58.     The Dealership, MARTINEZ and PORVEN intended to deceive the Plaintiff and Plaintiff believed the misrepresentations and omissions to Plaintiff's detriment.

59.     Through information and belief, the deception and the aforementioned acts of the Defendants, as more fully stated herein, give rise to pendent claims for a violation of the Florida Deceptive and Unfair Trade Practices Act, Florida Statues §501.201, *et sequi*, and for deception and misrepresentation.

60.     The Defendants, Dealership, MARTINEZ and PORVEN, deliberately deceived the Plaintiff through the oral and written misrepresentations and non-disclosures referred to above.

61.     When the Plaintiff told the Defendant that he did not want the Vehicle, the Defendant stated that the Plaintiff could not undo the transaction and that Plaintiff would lose his money in contravention with TILA and the Plaintiff's right to cancel.

62.     The Plaintiff did not receive a right to cancel.

63.     The Plaintiff did not receive did not receive the "Buyer's Guide," also known as a "window sticker" in violation of the FTC Used Car Rule from the Dealership which is a per se violation of the FDUTPA.

64.     The Plaintiff was deceived by the misrepresentations of MARTINEZ and PORVEN.

65.     The Plaintiff was deceived by the misrepresentations of MARTINEZ and PORVEN are in a position of control over the actions of UNIQUE AUTOMOTIVE LLC.

66.     The Defendants have acted in malice and with willful disregard for the law.

67.     The Defendants have conspired in a pattern and practice which was outrageous and shocks the conscience.

68.     The Plaintiff detrimentally relied upon the misrepresentations of the Defendants MARTINEZ and UNIQUE AUTOMOTIVE LLC and through Defendants misrepresentations, lost his down payment and the Vehicle.

69.     The Plaintiff is aggravated, stressed, confused and agitated at the actions of the Defendants.

70.     Plaintiff contends that Defendants have conspired and engaged in deception with total disregard for Federal and State laws.

71.     Defendants acting within the scope of their employment are vicariously liable for the actions of their respective employers.  *Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir. 1994)*.

## **COUNT I**
## **ACTION FOR VIOLATION OF THE TRUTH IN LENDING ACT AS TO UNIQUE AUTOMOTIVE LLC**

72.     Plaintiff re-alleges and reaffirms the allegations contained in Paragraphs 1 through 71 as though fully restated herein.

73. This is an action violation of the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA") and the regulations promulgated thereunder.

74. The Plaintiff is a consumer pursuant to 15 U.S.C. 1601, **§ 103. Definitions and rules of construction** (h) The adjective "consumer", used with reference to a credit transaction, characterizes the transaction as one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

75. The Defendant is a "creditor" pursuant to 15 U.S.C. 1601, **§ 103. Definitions and rules of construction** (f).

76. The sale of property and services to the consumer (herein "Plaintiff") were at all times a "credit sale" pursuant to 15 U.S.C. 1601, **§ 103. Definitions and rules of construction** (g).

77. The Defendants engaged in extending credit as defined under section 15 U.S.C. 1601, **§ 103. Definitions and rules of construction** (e).

[Codified to 15 U.S.C. 1601]
[Source: Section 102 of title I of the Act of May 29, 1968 (Pub. L. No. 90--321; 82 Stat. 146), effective May 29, 1968, as amended by section 302 of title III of the Act of October 28, 1974 (Pub. L. No. 93--495; 88 Stat. 1511), effective October 28, 1975; section 2 of the Act of March 23, 1976 (Pub. L. No. 94--240; 90 Stat. 257), effective March 23, 1977]
§ 103.  Definitions and rules of construction
(a)  The definitions and rules of construction set forth in this section are applicable for the purposes of this title.
(b)  The term "Board" refers to the Board of Governors of the Federal Reserve System.
(c)  The term "organization" means a corporation, government or governmental subdivision or agency, trust, estate, partnership, cooperative, or association.
(d)  The term "person" means a natural person or an organization.
(e)  The term "credit" means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment.
(f)  The term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

Notwithstanding the preceding sentence, in the case of an open-end credit plan involving a credit card, the card issuer and any person who honors the credit card and offers a discount which is a finance charge are creditors. For the purpose of the requirements imposed under chapter 4 and sections 127(a)(5), 127(a)(6), 127(a)(7), 127(b)(1), 127(b)(2), 127(b)(3), 127(b)(8), and 127(b)(10) of chapter 2 of this title, the term "creditor" shall also include card issuers whether or not the amount due is payable by agreement in more than four installments or the payment of a finance charge is or may be required, and the Board shall, by regulation, apply these requirements to such card issuers, to the extent appropriate, even though the requirements are by their terms applicable only to creditors offering open-end credit plans. Any person who originates 2 or more mortgages referred to in subsection (aa) in any 12-month period or any person who originates 1 or more such mortgages through a mortgage broker shall be considered to be a creditor for purposes of this title. The term "creditor" includes a private educational lender (as that term is defined in section 140) for purposes of this title.

(g) The term "credit sale" refers to any sale in which the seller is a creditor. The term includes any contract in the form of a bailment or lease if the bailee or lessee contracts to pay as compensation for use a sum substantially equivalent to or in excess of the aggregate value of the property and services involved and it is agreed that the bailee or lessee will become, or for no other or a nominal consideration has the option to become, the owner of the property upon full compliance with his obligations under the contract.

(h) The adjective "consumer", used with reference to a credit transaction, characterizes the transaction as one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

78.     The Dealership violated the TILA and Regulation Z with respect to the extension of credit by failing to properly deliver all "material" disclosures as required by the TILA and Regulation Z, including the following:

(a) by failing to disclose accurately and properly the finance charge, in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z, 12 CFR § 226.18(d) and 226.14;

(b) by failing to disclose accurately and properly the "amount financed" in violation of 15 U.S.C. § 1638(a)(2) and Regulation Z, 12 CFR § 226.18(b); and

(c) by failing to disclose accurately and properly the "annual percentage rate", in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z, 12 CFR § 226.18(e).

79.     Dealership further violated the TILA by failing to deliver any disclosures to Plaintiff in a form he could keep prior to the consummation of the transaction as required by 15 U.S.C. § 1638(b)(1).

80.     The Dealership further violated the TILA in its treatment of the required disclosures as estimated concerning the terms of the credit that the Dealership would provide Plaintiff as a consumer.

81.     By reason of the aforesaid violations of TILA and Regulation Z, the Dealership is liable to the Plaintiff for actual and statutory damages, including but not necessarily limited to twice the finance charge pursuant 15 U.S.C. § 1640(a).

82.     Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to recover reasonable attorney's fees to be determined by the Court.

   **WHEREFORE**, Plaintiff is an individual and a consumer, and demands judgment against Defendant, UNIQUE AUTOMOTIVE LLC:

(a) Actual damages to be established at trial pursuant to 15 U.S.C. § 1640(a)(1);

(b) Statutory damages in the amount of twice the finance charge pursuant to 15 U.S.C. § 1640(a)(2);

(c) Reasonable costs and reasonable attorney's fees in accordance with 15 U.S.C. § 1640; and such other further relief as justice may require.

### COUNT II
### VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS UNIQUE AUTOMOTIVE LLC AND RICARDO MARTINEZ AND JOSE PORVEN

83.     Plaintiff alleges and incorporates the information in the factual allegations 1 through 82 as though fully restated herein.

84.     Plaintiff is a consumer within the meaning of §559.55(2).

85.     UNIQUE AUTOMOTIVE LLC is a debt collector within the meaning of §559.55(6).

86.     RICK MARTINEZ is a debt collector within the meaning of §559.55(6).

87.     JOSE PORVEN is a debt collector within the meaning of §559.55(6).

88.     All Defendants violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

89.     The FCCPA provides for equitable relief including injunctive relief.  *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

90.     As a consequence of the acts of the Defendants, Plaintiff is entitled to statutory and actual relief for the acts of the Defendants.

91.     The FCCPA permits for the recovery of damages for emotional distress and is not subject to the impact rule.  *Florida Department of Corrections v. Abril*, 969 So. 2d 201 (Fla. 2007).

92.     Plaintiff seeks a permanent injunction prohibiting Defendants and any other party from either contacting or otherwise collecting the alleged debt from Plaintiff.

93.     As a consequence of the acts of the Defendants, Plaintiff **JOSEPH CELESTINE** was coerced and intimidated and suffered monetary loss.

**WHEREFORE**, Plaintiff demands judgment for damages against UNIQUE AUTOMOTIVE LLC, RICK MARTINEZ and JOSE PORVEN for actual and statutory damages, punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77. Plaintiff respectfully request that this Court award damages, and any other just and appropriate relief under the law, including but not limited to, attorneys' fees and costs.

### COUNT III
### ACTION FOR VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT AS TO UNIQUE AUTOMOTIVE LLC AND RICARDO MARTINEZ AND JOSE PORVEN

94.     Plaintiff alleges and incorporates the information in the factual allegations 1 through 93 as though fully restated herein.

95.     At all times material hereto, the Plaintiff was a "customer" as said term is defined under Florida Statutes §501.975(1).

96.     At all times material hereto, the Dealership was a "dealer" as said term is defined under Florida Statute §501.975(2).

97.     At all times material hereto, the purchase of the aforementioned automobile was a "vehicle" as defined under Florida Statutes §501.975(5).

98.     The Defendant violated Florida Statutes §501.201, *et sequi*, known more commonly as the "Florida Deceptive and Unfair Trade Practices Act" (the "DUTPA") brought herein pursuant to the doctrine of pendant jurisdiction.

99.     At all times material hereto, Plaintiff was an "interested party (ies) or person(s)" as said terms are defined under Florida Statutes §501.203(6).

100.    At all times material hereto, the Defendants failed to observe state and federal law.

101.    By virtue of the acts described above, the Defendants were engaged in "trade or commerce" as said term is defined under Florida Statute §501.203(8).

102.    The Defendants did advertise the sales price of the Vehicle for one price and did change that price in violation of state federal law.

103.    Pursuant to 16 C.F.R. §455, entitled "the FTC Trade Regulation Rule on the Sale of Used Motor Vehicles," known more commonly as the "FTC Used Car Rule" ("FTC Used Car Rule"), franchises or independent used car dealers are required to post certain consumer disclosures when selling used vehicles.

104.    The FTC Used Car Rule requires, *inter alia*, that  a dealer for each used car offered for sale display, prominently and conspicuously on the vehicle so that both sides are readily readable, a "Buyer's Guide," also known as a "window sticker" ("Buyer's Guide").

105.    At the time of the purchase of the automobile by the Plaintiff, the automobile did not have a Buyer's Guide affixed, and Plaintiff was not provided a copy of same at the time the Plaintiff consummated the purchase of the automobile.

106.    The violation of the FTC Used Car Rule by the Dealership is a per se violation of the DUTPA.

### a.  Violation of the Florida Motor Vehicle Dealer License Act

107.    During the course of the sale and financing of the automobile, the Dealership violated the requirements of Florida Statutes Chapter 320, known more commonly as the "Florida Motor Vehicle Licensees Act," in the following respects:

A. By misrepresenting or making false, deceptive or misleading statements with regard to the sale of the automobile in violation of Florida Statute §320.27(b)3; and
B. By perpetrating any fraud upon the Plaintiff in connection with the sale of an automobile in violation of Florida Statute §320.27(9)(b)13.

108.    The violation of the Florida Motor Vehicle Act is a per se violation of the DUTPA pursuant to Florida Statute §501.211(3)(c).

109.    During the course of the sale and financing of the automobile, the Dealership violated the requirement of the DUTPA by misrepresenting the previous usage or status of the automobile to be something it was not, and made usage or status representations of the automobile unless.

110.    As more particularly described above, the Dealership has engaged in unfair methods of competition, unconscionable acts or practices, and unfair and deceptive acts or practices in the conduct of trade or commerce in violation of Florida Statute §501.204(1).

111.    As direct and proximate result of the violation of the DUTPA, Plaintiff has been damaged and is an aggrieved person under the DUTPA.

112.    Pursuant to Florida Statute §501.211, Plaintiff is entitled to obtain a declaratory judgment that the acts and practices of the Dealership under the DUTPA and to enjoin the Dealership from further violations of the DUTPA.

113.    It is in interest of protection of consumers that the Dealership be prohibited and proscribed from further violations of the DUTPA.

114.    It is in the interest of protection of consumers that the Dealership be prohibited and proscribed from further violations of the DUTPA as described above.

115.    Plaintiff has retained the undersigned law office to represent his interest herein and is obliged to pay said law office a reasonable fee for its services.

   **WHEREFORE**, Plaintiff, **JOSEPH CELESTINE,** an individual, demands judgment in his favor against UNIQUE AUTOMOTIVE LLC, RICK MARTINEZ and JOSE PORVEN, for Declaratory relief against Defendants adjudicating that the actions of Defendants as described above constitute a violation of the DUTPA; injunctive relief against Defendants prohibiting Defendant from further violations of the DUTPA as described above; Damages in an amount to be determined at trial; and attorney's fees and court cost pursuant to Florida Statutes §501.2105.

### COUNT IV
### ACTION FOR NEGLIGENT MISREPRESENTATION AS TO UNIQUE AUTOMOTIVE LLC, RICARDO MARTINEZ AND JOSE PORVEN

116.    Plaintiff alleges and incorporates the information in the factual allegations 1 through 115 as though fully restated herein.

117.    This is an action for negligent misrepresentation brought via the doctrine of pendent jurisdiction.

118.    As more particularly described above, the Dealership misrepresented and failed to disclose material facts concerning the history of the automobile and, the transaction to purchase and finance the Vehicle were false.

119.    Even if Dealership believed the above statements to be true, said statements were in fact false.

120.    The Dealership was negligent in making the requisite statements concerning the history of the automobile and the terms of purchase and financing the automobile, and the Dealership knew or should have known the statements were false.

121.    The Dealership, in making statements concerning the history of the automobile at the time and said financing, intended that the Plaintiff would rely upon said statements.

122.    The Plaintiff justifiably relied on the false statements concerning the history of the automobile at the time of his purchase of said Vehicle.

123.    As a direct and proximate result of the negligent misrepresentation by the Dealership, the Plaintiff has been damaged.

**WHERFORE**, Plaintiff, **JOSEPH CELESTINE,** an individual, demands judgment in his favor against UNIQUE AUTOMOTIVE LLC, RICK MARTINEZ and JOSE PORVEN together with attorney's fees and costs, court fees, interest and costs; and any other relief that this Court deems justifiable.

## DEMAND FOR JURY TRIAL

Plaintiff, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

Respectfully Submitted By,

**MALOY LAW GROUP, LLC**
540 NW 165 Street Road, Suite #210
Miami, Florida   33169
Phone: (786) 483-7541
Fax#:  (305) 402-0204
Service E-mail: maloylaw@gmail.com

By:    _/S/ Marilyn L. Maloy_____
            **Marilyn L. Maloy, Esq.**
            Florida Bar No.:  012771
            Attorney for Plaintiff
            For the firm