# EXHIBIT "3"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 1:17-cv-20237-RNS

JOSEPH CELESTINE,

        **Plaintiff,**

v.

CAPITAL ONE, CAPITAL ONE
AUTO FINANCE AND CAPITAL
ONE BANK USA, N.A

        **Defendants.**

_____/

### DEFENDANT CAPITAL ONE AUTO FINANCE, A DIVISION OF CAPITAL ONE, N.A.'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

    Defendant identified as "Capital One Auto Finance," properly known as Capital One Auto Finance, a division of Capital One, N.A., (COAF), files this Motion to Dismiss and Incorporated Memorandum of Law pursuant to Fed. R. Civ. P. 12(b)(6), stating as follows:

#### Introduction

    Plaintiff's claims against COAF appear to be based on a contention that COAF accessed his credit without a permissible purpose. According to Plaintiff, this conduct violated federal and state law. The Complaint asserts claims against COAF for: (1) violation of 15 U.S.C. § 1681b(f) of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (FCRA); and (2) Invasion of Privacy; and (3) "Negligent, Wanton and Intentional Conduct." None of the causes of action asserted state a claim upon which relief can be

1

granted, and the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because:

- Plaintiff's FCRA claim must be dismissed because Plaintiff has not alleged sufficient facts to state a claim for violation of Section 1681b(f) of the FCRA;

- The Complaint fails to state a claim for invasion of privacy against COAF because: (1) Plaintiff does not allege COAF intruded into a "place;" and (2) the purported intrusion was not sufficiently outrageous; and

- The Complaint fails to state a claim for "negligent, wanton and intentional conduct" because: (1) Plaintiff fails to sufficiently allege COAF owed him a duty; and (2) Plaintiff fails to allege sufficient facts demonstrating COAF acted with the requisite mental state.

### **Standard of Review**

As this Court noted in <u>Yarbrough v. FMS, Inc.</u>:

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. <u>Glover v. Liggett Group</u>, <u>Inc</u>., 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly,</u> 550 U.S. 544, 555 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).

<u>Yarbrough v. FMS, Inc.</u>, No. 10–CV–61645, 2010 WL 4826247, at *1 (S.D. Fla. Nov. 22, 2010) (alterations in original).

2

**Argument and Citation to Legal Authority**

I. **PLAINTIFF'S FCRA CLAIM MUST BE DISMISSED BECAUSE: (1) PLAINTIFF HAS NOT ALLEGED SUFFICIENT FACTS TO STATE A PLAUSIBLE CLAIM FOR VIOLATION OF SECTION 1681B(F) OF THE FCRA.**

Plaintiff claims COAF violated Section 1681b(f) of the FCRA, contending that COAF accessed his credit without a permissible purpose. This claim fails, however, because the FCRA requires an allegation supporting a finding of at least negligence, which is missing from Plaintiff's Complaint. Moreover, even if this were not the case, Plaintiff's FCRA claim must fail because Plaintiff has not alleged facts supporting a conclusion that COAF lacked a permissible purpose for allegedly accessing his credit**.**

    A.    <u>**The FCRA Is Not A Strict Liability Statute.**</u>

It is important to recognized at the outset of analyzing Plaintiff's FCRA claim that the "FCRA is not a strict liability statute[.]" <u>Bauer v. Target Corp</u>, No. 8:12–cv–00978–AEP, 2013 WL 12155951, at *11 (M.D. Fla. June 19, 2013) (citation omitted)).

> [I]f Congress had wished to create a strict liability statute, no purpose would have been served by retaining § 1681o, which imposes civil liability for negligently failing to comply with the FCRA's requirements. Thus, in order to recover for a violation, Plaintiff must demonstrate either willful or knowing conduct under § 1681n, or negligent conduct under § 1681o.

<u>Simoneaux v. Brown</u>, 403 F. Supp. 2d 526, 532 (M.D. La. 2005) (internal citations and quotations omitted). See also <u>Sepulvado v. CSC Credit Services, Inc.</u>, 158 F.3d 890, 896 (5th Cir. 1998) ("[T]he Fair Credit Reporting Act does not impose strict liability for inaccurate entries. Rather, the plaintiff must show that the inaccuracy resulted from a negligent or willful failure to use reasonable procedures when the report was prepared.");

3

Adams v. National Engineering Service Corp., No. 3:07-cv-1035, 2010 WL 1444541, at *2 (D. Conn. April 12, 2010 ("Plaintiff would have the FCRA create a strict liability for violations. This, however, is not the case" (citation omitted)); McCelland v. Experian Information Solutions, Inc., No. 04 C 5686, 2006 WL 2191973, at *3 (N.D. Ill. July 28, 2006) ("[T]he Seventh Circuit has repeatedly explained that 'the FCRA is not a strict liability statute'" (quoting Sarver v. Experian Info. Solutions, 390 F.3d 969, 971 (7th Cir. 2004). Thus, proving a violation of the FCRA requires that a defendant was at least negligent. Here, the Complaint fails to allege facts supporting a conclusion that COAF willfully, or even negligently violated the Act.

1. **There are no allegations to support a willful violation of the FCRA.**

Importantly, a willful violation of the FCRA requires a knowing or reckless violation of the Act. See Rumbough v. Experian Information Solutions, Inc., No. 6:12-cv-811-Orl-22DAB, 2014 WL 11412831, at *5 (M.D. Fla. Jan. 6, 2014). "'[A] company subject to the FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a high risk of violating the law substantially greater than the risk associated with a reading that was merely careless.'" Id. at *5 (quoting Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 127 S.Ct. 2201, 2216, 167 L.Ed.2d 1045 (2007) (alteration in original)). Thus, "in order to establish a willful violation of the FCRA, a consumer must prove either a knowing violation or that the alleged violator acted in accordance with an objectively

4

unreasonable reading of the FCRA and with an unjustifiably high risk of violating the FCRA." Id. (citing Safeco Ins. Co. of Am., 551 U.S. 127)).

Absent from the Complaint are any factual allegations from which the Court could infer COAF acted knowingly or recklessly. (See generally Compl.). Rather, the Complaint contains only conclusory allegations that COAF acted "knowingly" and "willfully." (Compl. ¶¶ 24, 38). These allegations are "insufficient as a matter of law to demonstrate that defendant knowingly and intentionally violated plaintiff's rights." Romanello v. Capital One Bank (USA), N.A., No. 5:14-cv-177, 2014 WL 6666900, at *5 (D.N.C. Nov. 24, 2014); Helman v. Udren Law Offices, P.C., 85 F. Supp. 3d 1319, 1331032 (S.D. Fla. 2014) ("A plaintiff's allegations [under the FCRA] cannot be conclusory and must include specific facts as to a defendant's mental state when the report was accessed." (emphasis added)); see also Romanello v. Selene Finance, L.P., No. 5:14-cv-899, 2015 WL 2400480, at * 1 (D.N.C. May 19, 2015) (dismissing the complaint where the plaintiff failed to "allege[] any facts whatsoever which would support that defendant acted with a culpable mental state, that is, either willfully or negligently."); Pugh v. Corelogic Credico, LLC, No. DKC 13–1602, 2013 WL 5655705, at *3 (D. Md. Oct. 16, 2013) ("Because Plaintiff has failed to provide any facts giving rise to a plausible claim that Defendant violated the FCRA negligently, much less willfully, Plaintiff has not met his pleading burden.").

### 2. The Complaint fails to allege a negligent violation of the FCRA.

The Complaint contains a similar legal conclusion alleging COAF "negligently violated" the FCRA. (See Compl. ¶ 42); Helman, 85 F. Supp.3d at 1331-32 ("A plaintiff's

5

allegations [under the FCRA] cannot be conclusory and must include <u>specific facts</u> as to a defendant's mental state when the report was accessed." (emphasis added)). Thus, for the same reasons noted above, these allegations fail to state a plausible claim for violation of the Act. See <u>Romanello,</u> No. 5:14-cv-177, 2014 WL 66666900, at *4 (finding conclusory allegations that defendant negligently violated the Act, without more, was insufficient to state a claim under the FCRA); <u>Glanton v. DirecTV, LLC</u>, 172 F. Supp. 3d 890, 896 (D.S.C. 2016) (holding the plaintiff failed to state an FCRA claim where he "allege[d] no facts whatsoever to indicate that the defendant acted either willfully or negligently in obtaining his credit report.").

Because the Complaint fails to allege any facts even suggesting COAF acted willfully or negligently, Plaintiff's FCRA claim against COAF must be dismissed.

> **B.** **Plaintiff's Section 1681b(f) Claims Must Also Be Dismissed Because He Fails To Allege Facts Demonstrating COAF Lacked A Statutory Permissible Purpose To Access His Credit.**

Section 1681b(f) of the FCRA provides, in pertinent part, that "[a] person shall not use or obtain a consumer report for any purpose unless—(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section." 15 U.S.C. § 1681b(f). To state a Section 1681b claim, a plaintiff must prove "(i) that there was a consumer report, (ii) that defendants used or obtained it, (iii) that they did so without a permissible statutory purpose, and (iv) that they acted with the specified culpable mental state." <u>Jimenez v. Account Services</u>, --- F. Supp. 3d ----, 2017 WL 455206, at *4 (S.D. Fla. Feb. 2, 2017) (internal quotations omitted).

6

Importantly, "bare allegations that the defendant did not have a permissible purpose for obtaining a credit report, without more, are insufficient [to state a FCRA claim].'" Jones v. Best Service Company, No. CV 14-9872 SS, 2017 WL 490902, at *7 (C.D. Cal. Feb. 6, 2017) (alterations in original) (quotations omitted); Edwards v. Equifax Information Services, LLC, No. 3:09CV622-HEH, 2009 WL 5178264, at *2 (E.D.Va. Dec. 24, 2009). Moreover, "[m]erely reciting each of the permissible circumstances and denying that they apply is similarly inadequate." Jones, No. CV 14-9872 SS, 2017 WL 490902, at *7 (quotations omitted).

### 1. The Complaint fails to allege facts even suggesting COAF lacked a permissible purpose for accessing Plaintiff's credit report.

According to Plaintiff, COAF "initiated unauthorized inquiries of Plaintiff's credit reports…without a permissible purpose." (Compl. ¶ 19). Plaintiff appears to base this contention on an allegation that he (1) did not give COAF "authority to pull Plaintiff's credit report" and (2) had not done business with either COAF since 2008. (Compl. ¶ 22 & Ex. 4 (Affidavit), ¶ 4). But standing alone, as they do, these allegations fall short of demonstrating COAF lacked a permissible purpose when it accessed his credit.

Specifically, under the FCRA, "it is not necessary that a plaintiff have direct dealings with a defendant in order for a defendant to lawfully obtain a consumer report." Romanello, No. 5:14-cv-899, 2015 WL 2400480, at * 1 (citing Gibbons v. GC Servs., LLC, No. 5:13–CV–84 (E.D.N.C. Sept. 24, 2013)). "Credit report[s] can be accessed without a consumer's permission for other 'permissible purposes' under the FCRA." Jones. No. CV 14-9872 SS, 2017 WL 490902, at *8 (citation omitted); see also Bentley

7

v. Greensky Trade Credit, LLC, 156 F. Supp. 3d 274, 296 (D. Conn. 2015) ("Users of credit reports do not always need to obtain written instructions from the consumer before pulling a credit report. The statute provides that one circumstance in which credit reports may be obtained legally is in accordance with the written instructions of the consumer to whom it relates. This provision does not apply to every single one of the statute's authorized purposes." (internal quotations and citations omitted)); see also 15 U.S.C. 1681b(a). Thus, one's credit could be permissibly access even if Plaintiff (1) did not give COAF "authority to pull Plaintiff's credit report" and (2) had not done business with COAF since 2008.

For example, debt collection is a permissible purpose for obtaining a credit report. See Jimenez, --- F.Supp.3d ----, 2017 WL 455206, at *4. Creditors may also access credit information though the consumer has not initiated or authorized the release if the creditor is extending a firm offer of credit. See Perry v. First Nat. Bank, 459 F.3d 816, 819 (7th Cir. 2006); 15 U.S.C. § 1681b(c). Similarly, particularly in the auto lending context, individuals often complete applications for financing that dealerships submit to auto lenders for consideration, resulting in auto lenders accessing the individuals' credit files. While the applicant may not know the identity of the lender, this does not mean the inquiry was impermissible.

Simply put, the allegations in the Complaint fail to establish that COAF's credit inquiries were impermissible under the FCRA. For this reason, Plaintiff's FCRA claim must be dismissed. See Romanello, No. 5:14-cv-177, 2014 WL 6666900, at *5 (recognizing that allegations that the plaintiff had no business ties with the defendant did

8

not establish a lack of permissible purpose); Flury v. CSC Credit Servs., No. CV–11–1166–PHX–FJM, 2012 WL 300726, at *1 (D. Ariz. Feb. 1, 2012) ("a single conclusory allegation that [plaintiff's] credit report was 'obtained without a permissible purpose' " failed to state a FCRA claim). [1]

## II. THE COMPLAINT FAILS TO STATE A CLAIM FOR INVASION OF PRIVACY AGAINST COAF.

Florida law recognizes the tort of invasion of privacy in three circumstances: (1) "unauthorized use of a person's name or likeness to obtain some benefit," (2) intrusion upon seclusion, and (3) "public disclosure of private facts[.]" Oppenheim v. I.C. Sys., Inc., 695 F. Supp. 2d 1303, 1308 (M.D. Fla. 2010) (internal quotations omitted). Here, Plaintiff contends that COAF "intentionally, recklessly and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns and affairs of the Plaintiff….by repeatedly and unlawfully attempting to access Plaintiff's private financial information[.]" (Compl. ¶ 46). Thus, it appears that Plaintiff is attempting to state only a claim for intrusion upon seclusion, as there is no allegation COAF used his likeness to obtain a benefit or disclosed private information to the public.[2] This Invasion

---

[1] COAF notes that since filing the Complaint, Plaintiff has filed an Affidavit, stating he never received a firm offer of credit from COAF and that COAF did not initiate any collection attempts. (See D.E. 27). This Affidavit, however, is not the operative pleading. See Logan v. Greenspoon Marder, P.A., No. 13–cv–60209–DMM/DLB, 2013 WL 2473038, at *2 (S.D. Fla. June 10, 2013) (citations omitted) ("When ruling on a Rule 12(b)(6) motion to dismiss, the court may only consider the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which a court may take judicial notice"). Moreover, the Affidavit does not negate other permissible purposes for accessing one's credit. Accordingly, these newly added allegations cannot be considered for purposes of this Motion.

[2] COAF notes that the Complaint makes general references to "data breaches." While it is not entirely clear from the Complaint what Plaintiff is referring to, the Complaint makes no

of Privacy claim must fail because: (1) Plaintiff does not allege an intrusion into his private quarters, as required by Florida law; and (2) COAF's alleged conduct is not sufficiently outrageous to state a claim.

### A. Plaintiff's Claim for Intrusion Upon Seclusion Fails Because Plaintiff Did Not Allege COAF Intruded Into A "Place."

Intrusion has been defined as "physically or electronically intruding into one's private quarters." Allstate Ins. Co. v. Ginsberg, 863 So. 2d 156, 162 (Fla. 2003). "The intrusion to which this refers is into a 'place' in which there is a reasonable expectation of privacy" and "the focus is a right of a private person to be free from public gaze." Id. Thus, there can be no violation without an "unreasonable intrusion into a 'place.'" Bradley v. City of St. Cloud, No. 6:12–cv–1348–Orl–37TBS, 2013 WL 3270403, at *5 (M.D. Fla. June 26, 2013) (citing Ginsberg, 863 So. 2d at 162).

To illustrate, the U.S. District Court for the Middle District of Florida in Bradley found that a defendants' accessing of medical records without authorization did not constitute an intrusion into a "place." Bradley, No. 6:12–cv–1348–Orl–37TBS, 2013 WL 3270403, at *5. Similarly, this Court has held that accessing driver's license information from an online system available to law enforcement also does not constitute an intrusion into a "place." Watts v. City of Hollywood, Florida, 146 F. Supp. 3d 1254, 1267 (S.D. Fla. 2015) (citation omitted); Watts v. City of Port St. Lucie, Florida, No. 2:15-cv-14192, 2015 WL 7736532, at *15 (S.D. Fla. Nov. 30, 2015).

---

allegation that COAF disclosed Plaintiff's credit information to the public and to the extent this contention is intended to allege a cause of action, it should be dismissed for failure to comply with the minimum pleading requirements of this Court. See, e.g., Yarbrough, supra.

10

Similar to Bradley and Watts, Plaintiff fails to advance any allegation that COAF intruded into his "private quarters" or "place." (See generally Compl.). Because this is an essential element to a claim for intrusion upon seclusion, Plaintiff's claim must be dismissed. See Bradley, No. 6:12–cv–1348–Orl–37TBS, 2013 WL 3270403, at *5 ("Because Plaintiff does not allege that Defendants intruded into her home or another private place, she has not alleged facts in support of this claim.").

### B. Plaintiff's Claim for Intrusion Upon Seclusion Also Fails Because COAF's Conduct Was Not Sufficiently Outrageous.

An additional deficiency in Plaintiff's Intrusion claim, separately mandating dismissal, is the failure to allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Watts, 146 F. Supp. 3d at 1268 (quotation omitted); Watts, No. 2:15-cv-14192, 2015 WL 7736532, at *16; Stoddard v. Wohlfahrt, 573 So. 2d 1060, 1062–63 (Fla. 5th DCA 1991) (incorporating the outrageousness standard used for claims of intentional infliction of emotional distress into the elements required to state a claim for invasion of privacy); see also Neeley v. Wells Fargo Financial, Inc., No. 12-cv-542, 2012 WL 5949106, at *4-5 (M.D. Fla. Nov. 28, 2012) (applying the outrageousness standard in an invasion of privacy claim); Stasiak, No. 8:11–cv–1828–T–33MAP, 2012 WL 527537, at *2 ("[T]o support a claim for intrusion, the underlying conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." (internal quotations omitted)).

Indeed, prevailing on an Intrusion upon Seclusion claim requires that a plaintiff prove, "'as objectively as is possible, [that the alleged misconduct] is 'atrocious, and

11

utterly intolerable in a civilized community.'" Watts, 146 F. Supp. 3d at 1268 (quoting Stoddard, 573 So. 2d at 1062 (alterations in original)). As this Court has recognized, "this is an onerous standard." Watts, 146 F. Supp. 3d at 1268. For example, even insulting and harmful conduct, such as assaulting someone or making racial slurs have been found to be insufficient to satisfy this outrageousness standard. See Williams v. Worldwide Flight SBCS, Inc., 877 So. 2d 869, 870 (Fla. 2d DCA 2004) (holding allegations that the plaintiff's supervisor used offensive, racial slurs, threatened the employee and took away breaks was not sufficiently outrageous to state a claim for intentional infliction of emotional distress, which applies the same outrageousness standard); Garcia v. Carnival Corp., 838 F. Supp. 2d 1334, 1339 (S.D. Fla. 2012) (allegations that a cruise passenger was assaulted, handcuffed, dragged across the floor and confined to his room was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bonds of decency…").

In Stasiak, for example, the plaintiffs brought a claim for intrusion based on the defendant accessing "[their] consumer reports… without having a permissible purpose…" Stasiak, No. 8:11–cv–1828–T–33MAP, 2012 WL 527537, at *3 (alteration in original). While the plaintiffs gave consent for the credit pulls as a part of their apartment application three years earlier, they argued that inquiries made years after they purchased the apartment were an Intrusion upon Seclusion. Id. Rejecting this argument, and granting the defendant's motion to dismiss, the Court found that the defendant's "conduct does not rise to the level of 'intolerable in a civilized society.'" Id. Similarly, in Watts, this Court held that accessing personal information obtained through the Driver and Vehicle

12

Information Database (DAVID) failed to satisfy the outrageousness standard. Watts, 146 F. Supp. 3d. at 1268. In Watts, the plaintiff arrested a fellow officer after which time she began receiving online threats and hang-up telephone calls to her unlisted telephone number. Id. at 1257-58. The plaintiff filed suit, alleging more than 88 law enforcement officers from 25 different State agencies had accessed her private driver's license information more than 200 times, obtaining her phone number which resulted in the calls. Id. at 1258. Concluding this alleged conduct failed to state a claim for Intrusion upon Seclusion, this Court granted the defendant's motion to dismiss, stating that accessing the plaintiff's information "cannot, as a matter of law, be said to be 'atrocious, and utterly intolerable in a civilized community' nor was the [defendant's] access 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.'" Id. at 1286.

Likewise here, Plaintiff's allegation that COAF unlawfully accessed his credit report, without more, is not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Watts, 146 F. Supp. 3d. at 1268. Accordingly, because Plaintiff does not allege any facts satisfying the outrageousness element, his Intrusion upon Seclusion claim must be dismissed. See, e.g. Stasiak, No. 8:11–cv–1828–T–33MAP., 2012 WL 527537, at *2; see also Neeley, No. 12-cv-542, 2012 WL 5949106, at *4 (dismissing the plaintiff's intrusion claim because allegations of continuous "belligerent" and "belittle[ing]" debt collection calls made to her cell phone and place of employment were not sufficient to "satisfy Florida's outrageousness standard"); Sylvester v. GE Capital Retail Bank, No. 6:12–cv–341–Orl–31TBS, 2012

13

WL 3522691, at *3 (M.D. Fla. Aug. 14, 2012) (allegations that the plaintiff failed to accurately report credit information was not sufficiently outrageous to state a claim for intentional infliction of emotional distress); <u>Kautz v. Residence Inn by Marriot, LLC</u>, No. 8:14-cv-988-T-24-MAP, 2014 WL 4416012, at *4 (M.D. Fla. Sept., 5 2014) (leaving a doctor's note with plaintiff's confidential health information out at the workplace did not amount to outrageous conduct).

### III. THE COMPLAINT FAILS TO STATE A CLAIM FOR "NEGLIGENT, WANTON AND INTENTIONAL CONDUCT."

Count IV of the Complaint seeks to hold COAF liable for "Negligent, Wanton and Intentional Conduct." Specifically, Plaintiff alleges:

- COAF "acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in the Complaint." (Compl. ¶ 53).

- COAF "violated all of the duties of reasonably care in handling sensitive financial data and their carelessness resulted in violations which were made intentionally, willfully, recklessly, maliciously and wantonly, and negligently" (Compl. ¶ 54).

- "It was foreseeable, and [COAF] did in fact foresee it, the actions of [COAF] would lead to the exact type of harm suffered by Plaintiff." (Compl. ¶ 55).

- COAF "acted with negligence, malice, wantonness, recklessness, willful and/or intentional conduct in their dealings with and about Plaintiff as set forth in the Complaint." (Compl. ¶ 56).

- COAF "invaded the privacy of Plaintiff as set forth in Florida law." (Compl. ¶ 57).

- "Such negligence, malice, wantonness, recklessness, willfulness and/or intentional conduct proximately caused the damages set forth in the complaint." (Compl. ¶ 58).

14

- As a result of this conduct, action, and inaction of [COAF], Plaintiff has suffered damages as set forth in this Complaint and continues to suffer from unlawful access to his private financial information." (Compl. ¶ 59).

### A. The Complaint Fails To State A Claim For Negligence.

To maintain a claim for negligence in Florida, "'a plaintiff must establish that the defendant owed a duty, that the defendant breached that duty, and that this breach caused the plaintiff damages.'" Freeman v. JP Morgan Chase Bank, --- Fed. Appx. ---, 2017 WL 128002 (11th Cir. Jan. 13, 2017) (quoting Fla. Dep't of Corr. v. Abril, 969 So. 2d 201, 204 (Fla. 2007)). "The duty element of negligence is a threshold legal question; if no legal duty exists, then no action for negligence may lie." Jenkins v. W.L. Roberts, Inc., 851 So. 2d 781, 783 (Fla. 1st DCA 2003).

Although Plaintiff fails to specify what "conduct" or "dealings" "set forth in the Complaint" he is placing at issue in his negligence claim, it appears this claim is duplicative of his other claims and arises from the same purported conduct giving rise to his FCRA and invasion of privacy claims. That is, that COAF invaded his privacy when it accessed his credit allegedly without a permissible statutory purpose. These allegations are insufficient to state a plausible claim for negligence.

As an initial matter, invasion of privacy is an intentional tort and "can only be actionable if done intentionally." Purrelli v. State Farm Fire and Cas. Co., 698 So. 2d 618, 620 (Fla. 2d DCA 1997) ("State Farm's attempt to distinguish an 'intentional' invasion of privacy from an 'accidental' invasion of privacy is also without merit."). Thus, any claim that COAF negligently invaded his privacy must fail.

15

Plaintiff also fails to allege facts supporting the existence of a duty COAF owed him. According to the Complaint, Plaintiff was not a COAF customer. (<u>See</u> Compl. Ex. 4 (Affidavit)). In Florida, banks generally do not owe a duty of care to noncustomers. <u>See</u> <u>Freeman</u>, --- Fed. Appx. ---, 2017 WL 128002, at *4; <u>Chang v. JP Morgan Chase Bank, N.A.</u>, 845 F.3d 1087, 1094 (11th Cir. 2017) ("Florida, like other jurisdictions, recognizes that as a general matter, a bank does not owe a duty of care to a noncustomer with whom the bank has no direct relationship." (citations and quotations omitted)). Apart from the FCRA, the Complaint fails to identify any other source of COAF's purported duty to Plaintiff. But as stated in Section I, Plaintiff has not met the requirements to state a claim under the FCRA. <u>See</u>, supra Section I. Because the Complaint fails to identify any other source for the duty Plaintiff seeks to impose, his negligence claim must fail.

### B. <u>Plaintiff's Claim For "Wanton And Intentional Conduct" Also Fails</u>.

Plaintiff accuses COAF of "wanton and intentional conduct." (<u>See</u> Compl. Count IV). COAF has been unable to locate any Florida case recognizing an independent common law cause of action for "wanton or intentional conduct." While courts have recognized causes of action for gross and wanton negligence, if this is the claim sought to be advanced, it must fail. <u>See</u> <u>Irwin v. Miami-Dade County Public Schools</u>, No. 06–23029–CIV, 2009 WL 465059, at *5 (S.D. Fla. Feb. 24, 2009).

In order to state a claim for gross negligence, a plaintiff must allege the following: "(1) the existence of a composite of circumstances which, together, constitute an imminent or clear and present danger amounting to more than the normal and usual peril; (2) a showing of chargeable knowledge or awareness of the imminent danger; and (3) an

16

act of omission occurring in a manner which evinces a conscious disregard of the consequences." Deutsche Bank Nat. Trust Co. v. Foxx, 971 F. Supp. 2d 1106, 1117 (M.D. Fla. 2013) (citation omitted). "'Wanton negligence, on the other hand, is no care or the absence of any care and is only one degree removed from willful misconduct.'" Irwin, No. 06–23029–CIV, 2009 WL 465059, at *5 (quoting Farrell v. Fisher, 578 So. 2d 407, 409 (Fla. 4th DCA 1991)). Importantly, "[u]nder either form of negligence, the defendant mus[t] breach a duty of care; the deciding factor between the two is exactly what amount of care was breached." Id. at *5.

As demonstrated above, Plaintiff fails to state a negligence claim against COAF. See, supra, Section III.A. This reason, in and of itself, dictates that to the extent Plaintiff seeks to assert a claim for gross or wanton negligence, it must fail. See Irwin, No. 06–23029–CIV, 2009 WL 465059, at *5 (dismissing the plaintiff's gross and wanton negligence claims because the plaintiff failed to assert a valid negligence claim). Any such claim also fails because the Complaint lacks any allegation sufficiently establishing the extreme lack of care required to support a claim for gross or wanton negligence. E.g., Federal Deposit Insurance Corporation v. Copenhaver, No. 8:13–cv–2037–T–33TBM, 2014 WL 12621202, at *5 (M.D. Fla. May 10, 2014) (holding the plaintiff's allegations of "lack of meaningful deliberation on the types of loans the Defendants were writing, the lack of information that was relied upon, the disregard for the Bank's own lending policies, the disregard for adequate underwriting and credit administration policies, and a failure to investigate the material facts of the loans… plausibly suggest that the Defendants failed to exercise even 'slight care; and committed acts that a reasonable

17

prudent person would know were likely to result in injury."). For these reasons, the Complaint fails to state a claim for gross or wanton negligence.

WHEREFORE, for the reasons set forth above, COAF respectfully requests that this Court dismiss, with prejudice, Plaintiff's claims failure to state a claim upon which relief can be granted.

Dated: March 7, 2017

                    Respectfully Submitted,

                    */s Joshua H. Threadcraft*
                    Joshua H. Threadcraft (FL Bar No. 96153)
                    Joshua.Threadcraft@burr.com
                    Megan P. Stephens (FL Bar No. 92557)
                    Megan.Stephens@burr.com
                    BURR & FORMAN, LLP
                    420 North 20th Street, Suite 3400
                    Birmingham, Alabama 35203
                    Telephone:   205-251-3000
                    Facsimile:    205-413-8701
                    *Attorneys for Defendant Capital One Auto Finance, a division of Capital One, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of March, 2017, a copy of the foregoing was filed electronically and that I also caused a copy of the foregoing to be served via first class U.S. Mail, postage prepaid and electronic mail as designated below:

Joseph Celestine
1801 SW 23 Terrace
Miami, FL 33145
jalva321@gmail.com

                    */s Joshua H. Threadcraft*
                    Joshua H. Threadcraft (FL Bar No. 96153)